IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Plaintiff,

vs.                                                                                                                   No. CIV 21-1108 JB/KRS

SAHARA HOTEL and GRANTS PRISON
FACILITY, NORTHWESTERN
CORRECTIONAL FACILITY,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Myrtis Paulo Hart's failure to prosecute his Prisoner Claim for Damage, Injury, or Death, filed November 15, 2021 (Doc. 1)("Complaint"). The Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Hart to prepay the $402.00 civil filing fee, or alternatively, to file a motion to proceed in forma pauperis. See Order to Seal Pleading and Cure Deficiency, filed November 17, 2021 (Doc. 2)("Cure Order"). Because Hart has not complied with Magistrate Judge Sweazea's Cure Order, and having reviewed applicable law and the record, the Court will dismiss the Complaint without prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

Hart initiated this case on November 15, 2021. See Complaint at 1. The Complaint alleges a hotel in Albuquerque, New Mexico, refused to accommodate Hart because of his race. See Complaint at 1. The Complaint also appears to allege that prison officials "leaked" some of Hart's communications, and that he thereafter suffered discrimination. See Complaint at 1. The Complaint seeks at least $180,000.00 in damages from the Sahara Hotel and the Grants Prison

Facility.  See Complaint at 1.  The Court referred the matter to Magistrate Judge Sweazea for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed November 18, 2021 (Doc. 3).

Magistrate Judge Sweazea entered the Cure Order, which: (i) directs the Clerk's Office to seal the Complaint and file a public copy that redacts Plaintiff's date of birth; and (ii) directs Hart to prepay the $402.00 civil fee, or alternatively, to file a motion to proceed in forma pauperis within thirty days of the Cure Order's entry.  See Cure Order at 1.  The Clerk's Office initially mailed the Cure Order to Hart at the Curry County Detention Center, which he lists as his return address on the envelope containing the Complaint.  See Complaint at 3.  The United States Postal Service returned the Cure Order as undeliverable.  See Mail Returned as Undeliverable, filed December 3, 2021 (Doc. 5).  On January 7, 2022, the Clerk's Office remailed the Cure Order to Hart at the Central New Mexico Correctional Facility in Los Lunas, New Mexico.  The Clerk's Office obtained Hart's new address at Central New Mexico Correctional Facility from filings in his other cases. See, e.g., Hart v. Curry Cnty. Adult Det. Cntr. No. CIV 21-1011 RB\KBM, Return Envelope Attached to Motion for a Speedy Trial at 2, filed December 6, 2021 (Doc. 13).  The Postal Service did not return the second mailing containing the Cure Order.

The original thirty-day deadline for Hart to prepay the $402.00 civil fee, or alternatively, file a motion to proceed in forma pauperis, was December 17, 2021.  See Cure Order at 1.  The Court initially did not dismiss the case, as the Clerk's Office remailed the Cure Order on January 7, 2022.  More than thirty days have passed since the second mailing, and Hart has not complied with the Cure Order, shown cause for this failure, or otherwise responded to the Cure Order.  The

Court therefore will analyze whether to dismiss this action for failure to prosecute and comply with the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an involuntary "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir 2002)).  As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it

must first consider certain criteria." <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>, 492 F.3d at 1162.   Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions.   See <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>, 492 F.3d at 1162.

Here, Hart has not addressed the filing fee -- after the Clerk's Office endeavored to retain contact with him in this case -- as both the Cure Order and 28 U.S.C. § 1915(a) require.   In light of this noncompliance, the Court will dismiss this case pursuant to rule 41(b) of the Federal Rules of Civil Procedure.   See <u>Olsen v. Mapes</u>, 333 F.3d at 1204.   The dismissal will be without prejudice, after considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>, 492 F.3d at 1162.

**IT IS ORDERED** that: (i) Plaintiff Myrtis Paulo Hart's Prisoner Claim for Damage, Injury, or Death, filed November 15, 2021 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Myrtis Paulo Hart
Los Lunas, New Mexico

    *Plaintiff pro se*